DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-292-RJC

| | |
|---|---|
| LLOYD DONNELL WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU LAMBERT, )<br>FNU EVANS, )<br>FNU KIKER, )<br>)<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e); § 1915A. Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), on May 2, 2012. Furthermore, on October 3, 2012, Plaintiff filed a Motion for Order to Reply, (Doc. No. 12).

**I.     BACKGROUND**

In this matter, filed pursuant to 42 U.S.C. § 1983, Plaintiff has named as Defendants FNU Lambert, FNU Evans, and FNU Kiker, all alleged to be correctional officers at Lanesboro Correctional Institution. Plaintiff's action arises out of his allegation that on February 14, 2012, Defendant Lambert used excessive force against him by twisting Plaintiff's arm as if trying to break it while Lambert and other officers were attempting to get Plaintiff to submit to handcuffs. (Doc. No. 1 at 4). Plaintiff alleges that Defendant Lambert then told Defendants Evans and Kiker to take Plaintiff away. (Id.). Plaintiff further alleges that during the incident Defendant Evans "took out his handcuffs and hit me over the right eye leaving a gash over my right eye brow." (Id. at 5). As to Defendant Kiker, Plaintiff alleges that during the incident Kiker took out his pepper spray and sprayed Plaintiff with it "for no reason at all." (Id.). Plaintiff alleges

that he never resisted during the February 14 incident. (Id.).

The Court first notes that there is no motion to proceed in forma pauperis on the docket. Nevertheless, Plaintiff has not paid a filing fee, and on June 12, 2012, the Clerk of Court entered an Order Waiving the Initial Filing Fee and Directing Monthly Payments to be Made from Prison Account. (Doc. No. 7). Therefore, the Court finds that Plaintiff is proceeding in forma pauperis and, to the extent that Plaintiff intended to move for in forma pauperis status, the motion is granted nun pro tunc.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

The Court has considered the allegations in the Complaint and has determined that they survive initial review. The Clerk is directed to mail three summons forms to Plaintiff for Plaintiff to fill out and identify the named defendants in the summonses for service of process,

and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's Complaint survives initial review.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A.
2. Plaintiff's Motion for Order to Reply, (Doc. No. 12), is **GRANTED** to the extent that this Order instructs the Clerk's office to send summons forms to Plaintiff.
3. The Clerk is respectfully directed to send summons forms to Plaintiff in accordance with this Order.

Signed: October 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge